SMITH & al. versus DILLINGHAM & al.

If, in a judgment for return in a replevin suit, there be no assessment of damages occasioned by the detention, and if upon the restitution writ no return of the goods was obtained, the damage for the detention may be assessed and allowed in an action upon the replevin bond.

In such a case, the damage will be computed from the time of the original taking.

ON REPORT from *Nisi Prius*, TENNEY, J.

DEBT on a replevin bond.

These defendants had issued a replevin writ against these plaintiffs, directing the officer to replevy 1478 saw logs, valued at $6660. The officer returned that he had replevied 1386 logs.

At the trial in that suit the ownership of the logs was in controversy. Upon that point some questions of law arose. Under the expression of some opinions by the Judge, the then plaintiffs consented to become nonsuited, upon a stipulation, that if any of the opinions expressed by the Judge were erroneous, the nonsuit should be taken off. In that stipulation no provision was made for the allowance of damage for the detention. The action was then continued *nisi*, till in the vacation, the Court ordered that the nonsuit be confirmed,

and judgment rendered for a return, but without any order as to the damages for the detention. See the case as reported, 30 Maine, 370. At the next term, the then defendant moved the Court for an allowance of damage for the detention. This was refused, for reasons stated in 32 Maine, 182.

A writ of restitution was issued, upon which the officer returned that he could not find the logs, and that the defendants, though a demand upon them was made, had refused to make any return of them.

This is an action upon the replevin bond. It was defaulted, and the Judge assessed the amount to be recovered for the plaintiffs, *for the* 1386 *logs,* at $6245,44, which, it will be seen, was done *by* averaging them with the 1478 logs, as described and valued in the replevin writ. To that assessment no objection was made. Upon that amount, $6245,44, the Judge also allowed damage for the detention at the rate of six per cent. annually, from the *date of the bond.* To this allowance exceptions were taken by the defendants.

*Rowe* and *Bartlett,* for the defendants.

The replevin suit was prosecuted, as the bond required, to final judgment. The only breach of the bond then was committed when the defendant refused to deliver the logs upon the restoration writ; or at most, when the judgment for return was rendered. The damage for detention, then, could be allowed only from one or the other of those periods.

*Hilliard,* for the plaintiffs.

The damage was rightfully assessed. The defendants are bound by the valuation fixed in their bond. *Parker* v. *Simons,* 8 Metc. 212; *How* v. *Hanly,* 28 Maine, 250; *Huggeford* v. *Ford,* 11 Pick. 224.

The interest, allowed as damage, reaches only to the time when our property was taken. It is analogous to the rule in trover, which allows interest from the time of the taking, and it conforms to the highest justice. 15 Pick. 71; 16 Pick. 194.

*Rowe* and *Bartlett*, in reply. —

Last year, the plaintiffs applied to the Court for allowance of damage. It was refused, because the Court found it was not within their right to make the allowance. 32 Maine, 182.

The Judge, in the assessment to which we except, has done what the Court had already decided they had no right to do. ' Our bond was to pay what might be recovered against us in the replevin suit. No damage was then recovered, and we are therefore not bound to pay any. If the plaintiffs *might* have then recovered, they waived the right.

Further, we had right to a jury trial.

What law gives six per cent. ? Jury not so bound. If then there must be an allowance of damage, the amount should be passed upon by the jury. We might then be allowed to prove, for the purpose of reducing the damage, (what is the exact truth of the case,) that a part of the logs replevied were our own. The rule in the case cited from 11 Pick. is not law in this State. It grew out of some statute of that State. A rule different from that was applied in 12 Mass. 406. There the interest was computed from the time when the goods should have been returned on the restoration writ. In this case, there is nothing upon which the Court can base an authority in themselves to assess damage.

WELLS, J. — The only question raised in the argument relates to the amount of damages, which the plaintiffs are entitled to recover.

The condition of the bond required, that the plaintiffs in the original suit should prosecute the replevin to final judgment, and pay such damages and costs as the defendants in that suit should recover against them ; and also to return and restore the same goods and chattels, in like good order and condition as when taken, in case such shall be the final judgment.

The statute, chap. 130, sect. 11, provides, that " if it shall appear upon the nonsuit of the plaintiff, or upon a trial or otherwise, that the defendant is entitled to a return of the

Smith *v.* Dillingham.

goods, he shall have judgment therefor accordingly, with damages for the taking thereof by the replevin, with his costs and a writ of return and restitution thereupon accordingly."

The statute contemplates, that the property will be returned, when such is the judgment, and the damages are then assessed upon that expectation, and if the damages, with the interest, which the Court by statute, chap. 96, sect. 20, has power to allow on them, from the time the verdict was rendered to the time of rendering judgment on it, and the costs are paid, and the property is returned, there would be no breach of the bond. And if, in the present case, the property had been returned, the costs having been paid, and no damages recovered in the replevin suit, this action could not have been maintained, because there would have been an entire compliance with the judgment rendered. *Pettygrove* v. *Hoyt*, 2 Fairf. 66. But the property was not returned, and there was then a breach of the bond, and the statute does not prescribe how the damages shall be assessed in such contingency. The general rule of law would give in such case, as an indemnity, the value of the property at the time it was taken, with interest from that time to the time of trial. Such is the rule in relation to interest for the detention of money, and the delay of satisfaction for the conversion of property.

If damages for the taking had been assessed, as the statute provides, up to the time when the nonsuit was ordered, the estimate of damages in this suit for the detention, would have been commenced at that period. But the record shows that no such assessment was made. The wrong done to the plaintiffs consists in the taking of their property, and in the delay of making compensation for it. There is nothing in the statute which precludes the allowance of interest on the value of the property from the time when it was taken.

*Exceptions overruled.*